**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-24288-KMM

THE GALLEON GUILD, LTD.,

Plaintiff,

v.

THE PARTNERSHIPS, UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

Defendants.
_______________________________________/

**ORDER**

THIS CAUSE came before the Court upon Plaintiff The Galleon Guild, Ltd.'s ("Plaintiff") Response to Order to Show Cause Regarding Personal Jurisdiction of Each Defendant (the "Response" or "Resp."). (ECF No. 56). On July 9, 2026, the Court issued a Paperless Order to Show Cause (the "OTSC"), ordering Plaintiff to show cause why this Court has personal jurisdiction over each Defendant. *See generally* (ECF No. 55). As set forth below, the Court finds Plaintiff has not met its burden of establishing personal jurisdiction. Therefore, Plaintiff's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

**I. BACKGROUND**

On September 18, 2025, Plaintiff filed its Complaint against the Partnerships and Unincorporated Associations Identified on Schedule A[1], alleging trademark infringement and false

[1] Schedule A consists of the following: Dixun Lighting, Katrer Co. Ltd, Jiangmenshi Jifan Electronic Commerce Co Ltd, HYDTMSL, Dianmai Trading Co. ltd, Hcqxnsl, Eclat Essentials, chx store, Ailytec Inc, ChokGift Co. Ltd, Qalabka, and BASCET. *See* (ECF No. 13) at 2. Jiangmenshi Jifan Electronic Commerce Co Ltd, Dianmai Trading Co. ltd, Hcqxnsl, and BASCET have been dismissed from this matter. *See* (ECF Nos. 37, 41, 46). The Court thus refers to Dixun Lighting, Katrer Co. Ltd, HYDTMSL, Eclat Essentials, chx store, Ailytec Inc, ChokGift Co. Ltd,

designation of origin. *See* Complaint ("Compl.") (ECF No. 1) ¶¶ 26–35. Plaintiff, a private limited company with its principal place of business in the United Kingdom, is the owner of "HIBIBUD," a federally registered trademark. *See id.* ¶¶ 7–8. Defendants are "individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores" that are "advertising, offering for sale, and selling infringing and counterfeit HIBIBUD products to unknowing consumers." *Id.* ¶¶ 2, 12. Plaintiff contends that Defendants "reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax trademark enforcement systems or redistribute products from the same or similar sources in those locations." *See id.* ¶ 12.

Plaintiff alleges that Defendants "are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products in the same transaction, occurrence, or series of transactions or occurrences." *Id.* ¶ 24. According to Plaintiff, they do this "without any authorization or license." *See id.* Plaintiff seeks to enjoin Defendants from further infringing its mark, including by selling and reproducing counterfeits and passing them off as genuine. *See id.* at 10. Further, Plaintiff seeks disgorgement of profits, for online marketplace platforms to stop providing services to Defendants, and, in the alternative, an award of $2,000,000.00 per use of the HIBIBUD mark in statutory damages for willful trademark counterfeiting. *See id.* at 11–12.

Plaintiff filed two *ex parte* motions, one for a temporary restraining order and one to authorize alternate service of process on Defendants, and both motions were granted on October 6, 2025. *See generally* (ECF Nos. 11–12). On November 12, 2025, United States Magistrate Judge Eduardo I. Sanchez's Report and Recommendation on Plaintiff's Motion for Entry of Preliminary Injunction (ECF No. 25) was adopted, and a preliminary injunction was entered. *See*

---

and Qalabka as "Defendants" throughout this Order.

*generally* (ECF No. 26). This case was reassigned to the Court on December 17, 2025, and on January 8, 2026, Plaintiff filed its Renewed Motion for Entry of Default Judgment as to Certain Defendants. *See* (ECF Nos. 35, 51).

As discussed above, the Court entered the OTSC on July 9, 2026. *See* (ECF No. 55). The OTSC cautioned Plaintiff that the Court has an affirmative duty to evaluate personal jurisdiction when adjudicating a motion for default judgment. *See id.* The Court explained that it was "concerned that it does not have personal jurisdiction over Defendants," and provided Plaintiff an opportunity to respond. *See id.* Plaintiff has now submitted its Response. *See generally* Resp.

## II. LEGAL STANDARD

Lack of personal jurisdiction, unlike lack of subject matter jurisdiction, is a waivable defect, but "a district court may raise on its own motion" a lack of personal jurisdiction, so long as the Court "first giv[es] the parties an opportunity to present their views on the issue." *See Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) (citations omitted). When considering personal jurisdiction, a court must accept the facts alleged in the plaintiff's complaint as true. *See Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988) (citations omitted); *Corneal v. CF Hosting, Inc.*, 187 F. Supp. 2d 1372, 1373 (S.D. Fla. 2001) (citation omitted); *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). Plaintiff's burden is to make out a prima facie case of jurisdiction. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (citation omitted).

The court's determination of whether personal jurisdiction over a nonresident defendant exists requires a two-part analysis. *See D.W. Mercer, Inc. v. Valley Fresh Produce, Inc.*, 146 F. Supp. 2d 1274, 1276 (M.D. Fla. 2001) (citation omitted). First, the court must consider the jurisdictional question under Florida's long-arm statute, which can apply in two ways: (1) Florida

Statute § 48.193(1) enumerates various acts that subject a defendant to specific personal jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida; or (2) Florida Statute § 48.193(2) provides that, regardless of whether a claim arises from a defendant's activities in Florida, a Florida court may exercise general personal jurisdiction over a defendant "who is engaged in substantial and not isolated activity within this state." *See* Fla. Stat. §§ 48.193(1)–(2). If there is a basis to assert personal jurisdiction under this statute, the court will next determine "whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *See D.W. Mercer, Inc.*, 146 F. Supp. 2d at 1276 (citing *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996)). Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant. *See Robinson*, 74 F.3d at 256 (citation omitted).

"The reach of the Florida long-arm statute is a question of Florida law." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1271 (11th Cir. 2002) (cleaned up and citation omitted); *see also id.* ("[F]ederal courts are required to construe [such law] as would the Florida Supreme Court." (alterations in original and citation omitted)). As used in § 48.193(1)(a), "the term 'arising from' is somewhat broader than the concept of proximate cause," thus, "under Florida law there must nevertheless be some 'direct affiliation,' 'nexus,' or 'substantial connection' between the cause of action and the activities within the state." *St. Martinus Univ., NV v. Caribbean Health Holding, LLC*, No. 19-22278-CIV, 2020 WL 956301, at *10 (S.D. Fla. Feb. 27, 2020) (citation omitted), *appeal dismissed sub nom.*, *St. Martinus Univ. v. Caribbean Health Holding, LLC*, 2020 WL 7018197 (11th Cir. Sep. 28, 2020). Courts strictly construe Florida's long-arm statute in favor of the nonresident defendant. *See Stonepeak Partners, LP v. Tall Tower*

*Cap., LLC*, 231 So. 3d 548, 552 (Fla. Dist. Ct. App. 2017) (citation omitted). A defendant "commits 'a tortious act within [Florida]' when he commits an act *outside* the state that causes *injury within Florida*." *Mosseri*, 736 F.3d at 1353 (quoting *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008)).

## III. DISCUSSION

To assess personal jurisdiction over a nonresident defendant, federal courts must determine "whether the exercise of jurisdiction (1) comports with the long-arm statute of the forum . . . ; and (2) does not violate the Due Process Clause." *See Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 626 (11th Cir. 2010) (per curiam) (citations omitted). The Court assesses only whether it has specific personal jurisdiction over Defendants, as Plaintiff's Response and other filings do not assert[2] that the Court has general personal jurisdiction over Defendants. *See generally* Resp.

Plaintiff can assert specific personal jurisdiction over Defendants if their activities in the state satisfy any of the enumerated grounds in Florida's long-arm statute:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself . . . to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state . . . .
> 2. Committing a tortious act within this state . . . .

---

[2] Further, the Eleventh Circuit has explained that, outside of paradigmatic circumstances such as a company's place of incorporation or principal place of business, a corporate defendant will only be considered at home and subject to general personal jurisdiction in the "exceptional case" where it has operations that are "so substantial and of such a nature as to render the corporation at home in that state." *See Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1317 (11th Cir. 2018) (quoting *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017)). Therefore, based off Plaintiff's allegations that Defendants operate in the People's Republic of China and the fact that Plaintiff supplies no allegations tending to show this is an exceptional case, the Court finds that it is clear it would not have general personal jurisdiction over Defendants.

Fla. Stat. §§ 48.193(1)(a)(1)–(2). A court validly exercises specific jurisdiction "only when the plaintiff's cause of action arises from or is directly related to a defendant's contacts with the forum state." *See Design-Build Concepts v. Jenkins Brick Co.*, No. 3:06-cv-558, 2008 WL 686150, at *2 (N.D. Fla. Mar. 10, 2008) (citing *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 n.3 (11th Cir. 2006)). Thus, specific jurisdiction requires connectivity or some "direct affiliation, nexus, or substantial connection between the cause of action and the [defendant's] activities within the state." *See Sun Tr. Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246, 1269 (S.D. Fla. 2001) (cleaned up and citations omitted).

A court's exercise of specific personal jurisdiction must also comport with Constitutional due process requirements. The Eleventh Circuit has promulgated a three-prong test to assess due process in specific personal jurisdiction cases, "which examines: (1) whether the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant 'purposely availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's law; and (3) whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *See Mosseri*, 736 F.3d at 1355 (citations omitted).

Here, Plaintiff argues that the Court may exercise personal jurisdiction over Defendants because they each committed a tortious act within Florida under Florida law and because exercising jurisdiction over each Defendant comports with due process. *See* Resp. at 2–5. The Court evaluates each claim in turn.

**A. Tortious Act Under § 48.193(1)(a)(2)**

Section 48.193(1)(a)(2) of Florida's long-arm statute "permits jurisdiction over the nonresident defendant who commits a tort outside of the state that causes injury inside the state."

*See Lovelady*, 544 F.3d at 1283 (citation omitted). Plaintiff argues it fulfills the Florida long-arm statute's requirements because its Complaint alleges "that each Defendant operates a fully interactive e-commerce store on Walmart.com through which Florida residents can purchase infringing . . . products; that each Defendant offers shipping to the United States, including Florida; that each accepts payment in U.S. dollars; and that each has, on information and belief, sold infringing products to Florida residents." *See* Resp. at 3; *see also* Compl. ¶ 6 (also alleging on information and belief that Defendants sold infringing products into Florida).

As an initial matter, the Court notes it need not accept allegations made on information and belief where there is insufficient factual support to make those allegations plausible rather than just conclusory. *See Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013) (citation omitted). Given that Plaintiff's Complaint is largely full of the sort of generalized, form allegations that appear in many Schedule A complaints, the Court is not inclined to give credence to allegations made on information and belief. *See* Eric Goldman, *A Sad Scheme of Abusive Intellectual Property Litigation*, 123 Colum. L. Rev. F. 183, 186–93 (2023) (describing typical Schedule A cases); *see also generally* Compl. (making generalized allegations typical of Schedule A case). Further, Plaintiff provides no evidence tending to show that Defendants actually sold infringing products into Florida; instead, Plaintiff provides screenshots of order screens (which show orders that were not actually placed, let alone shipped into Florida) showing only that it seemed possible to place orders with Defendants that would ship to Florida. *See, e.g.*, (ECF No. 7-4) at 5, 96. Therefore, the Court does not consider Plaintiff's allegation that Defendants sold infringing products to Florida residents in its analysis.

This leaves the Court to answer whether Florida's long-arm statute can be satisfied in circumstances like this, involving items sold on websites accessible in Florida but where there is

an absence of completed sales. The Court finds that accessibility alone is not enough; instead, there must be an allegation that the website was actually accessed and the infringing product actually viewed. *See Bridlington Bud Ltd. v. P'Ships, Unincorporated Ass'ns Identified on Schedule A*, No. 25-cv-25594, 2026 WL 1492583, at *6 (S.D. Fla. May 28, 2026); *World Media All. Label, Inc. v. Believe SAS*, No. 24-12079, 2025 WL 2102017, at *3 (11th Cir. July 28, 2025) (explaining that Florida's long-arm statute requires accessibility plus actual access by someone in Florida in trademark infringement context). This means that a nonresident defendant commits a tortious act under § 48.193(1)(a)(2) when he actually sells trademark-infringing goods to Florida residents through his website. *See Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1273 (11th Cir. 2022) (citing *Mosseri*, 736 F.3d at 1354).

Here, Plaintiff does not have evidence of any sale or attempted sale to a Florida address and Plaintiff's Response has no real indication that infringing products were sold in Florida. *See generally* Resp. Instead, as mentioned, Plaintiff points only to examples in the record that it was *possible* to buy products that would ship to Florida. *See Bridlington Bud Ltd.*, 2026 WL 1492583, at *6 (dismissing defendants for lack of personal jurisdiction where plaintiff could not point to evidence of either completed or attempted sales). With no evidence of any Defendant selling to any Florida resident, and with Plaintiff failing to "point to other attempted or completed sales," the Court finds that the Complaint does not comport with Florida's long-arm statute. *See id.* This is sufficient to dismiss the Complaint, even without reaching due process. *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1319 (11th Cir. 2006) ("Because [defendant] is not subject to jurisdiction under Florida's long-arm statute, we need not address whether the Due Process Clause permits jurisdiction.").

**B. Due Process**

The Court nevertheless reaches due process here, as it provides an independent basis for dismissal. The Constitution prohibits the exercise of personal jurisdiction over a nonresident defendant unless "his contact with the state is such that he has 'fair warning' that he may be subject to suit there." *See Lovelady*, 544 F.3d at 1284 (citation omitted). As discussed above, the Eleventh Circuit has distilled the due process analysis into a three-part test: "(1) whether the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *See Mosseri*, 736 F.3d at 1355 (citations omitted). The plaintiff bears the burden on the first two prongs before the Court needs to consider whether an "exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *See id.* (citation omitted).

Here, the Court finds that, in as much as there are contacts with Florida, Plaintiff's claims do arise out of those contacts because the claims purportedly "stem from the products being offered for sale in Florida on Walmart's website." *See Bridlington Bud Ltd.*, 2026 WL 1492583, at *7 (finding that the minimum contacts prong is met where defendant interacted with Florida "via its offering and uncompleted sale of allegedly infringing products on a Florida-accessible website, and this offering form[ed] the basis of [p]laintiff's claims").

However, the Court finds that the purposeful availment prong is not met. "[T]here are two applicable tests for determining whether purposeful availment occurred" in the context of intentional torts cases like this one. *See Mosseri*, 736 F.3d at 1356. Under the "effects test," a single tortious act can establish purposeful availment, and the plaintiff must show that the tort was

intentional, aimed at the forum state, and caused harm that the defendant should have foreseen would be suffered in the forum state. *See id.* (citing *Lovelady*, 544 F.3d at 1285–88). In trademark infringement cases, however, the Eleventh Circuit has generally applied the minimum contacts test. *See id.* at 1356–57. Under the minimum contacts test, the court must assess whether the defendant's contacts with the forum state: "(1) are related to the plaintiff's cause of action; (2) involve some act by which the defendant purposefully availed himself of the privileges of doing business within the forum; and (3) are such that the defendant should reasonably anticipate being haled into court in the forum." *See id.* at 1357 (citation omitted). Because Plaintiff's Response focuses only on the minimum contacts test, the Court does not analyze personal jurisdiction under the effects test. *See* Resp. at 4–5.

There is a circuit split as to whether evidence of a single sale into a forum state is sufficient to support a finding that a defendant purposefully directed conduct at a forum. The Eighth Circuit has held that a lone purchase of a defendant's infringing product is not sufficient for finding that specific jurisdiction exists over that defendant. *See Brothers & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 953–54 (8th Cir. 2022). Further, it explained that the Supreme Court's jurisprudence "has strongly suggested that a single sale of a product in a State does not constitute an adequate basis for asserting jurisdiction over an out-of-state defendant." *See id.* at 953 (citations omitted). The Tenth Circuit has held similarly. *See Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011) ("The maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state." (citations omitted)).

Meanwhile, the Seventh Circuit has held that evidence of a single sale into a state is sufficient to support a finding that a defendant purposefully directed conduct at a forum. *See NBA*

*Props., Inc. v. HANWJH*, 46 F.4th 614, 624–25 (7th Cir. 2022). The Sixth Circuit has also explained that even a single sale may suffice in certain circumstances. *See AMB Media, LLC v. OneMB, LLC*, No. 23-5607, 2024 WL 2052151, at *5 (6th Cir. May 8, 2024). However, essential to even the Seventh Circuit's expansive understanding of personal jurisdiction was the requirement that a sale was actually made. *See NBA Props., Inc.*, 46 F.4th at 624. A sale, therefore, was a prerequisite to the finding that defendants actually and "knowingly did do business with [the forum's] residents." *See id.* (citation omitted); *see also Ross v. Archer Publ'ns Ltd.*, No. 24-cv-20991, 2025 WL 253415, at *7 (S.D. Fla. Jan. 21, 2025) (finding defendant "directed his activities toward Florida by developing a website that allowed for sales into Florida *and shipping the items into the state*" (emphasis added)). Here, Plaintiff has not made an argument, beyond a conclusive "on information and belief" allegation, that any Defendant sold an infringing product into Florida. *See generally* Resp.; Compl.

Where a defendant has merely existed on a website and has not consummated a sale into Florida, or even tried making a sale into Florida, there is no personal jurisdiction. *See Bridlington Bud Ltd.*, 2026 WL 1492583, at *8 (noting that allowing mere existence on the internet to confer personal jurisdiction would open every company to jurisdiction in virtually any state, a particularly difficult conclusion to reach where a defendant does not itself operate a website (citing *S.S. White Techs. Inc. v. Mahe Med. USA*, No. 8:22-cv-2955, 2024 WL 4643569, at *5 (M.D. Fla. Oct. 31, 2024))). Therefore, this Court need not pick a side of the circuit split to find that Plaintiff failed to meet its burden on purposeful availment, as even under the more expansive readings of personal jurisdiction, there is no case law conferring personal jurisdiction on out-of-state defendants who have not even made a single sale into a forum. The Fifth Circuit concurs, having held that where there is no evidence that a defendant sold "a single accused product to" a forum resident or that

the defendant "solicits . . . business there through targeted advertising," there is clearly no personal jurisdiction over that defendant. *See Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 787 (5th Cir. 2021) ("[A] defendant does not have sufficient minimum contacts with a forum state just because its website is accessible there.").

As such, the Court need not reach the third prong of the due process analysis to find that Plaintiff has also failed to establish personal jurisdiction over Defendants for this independent reason. *See Mosseri*, 736 F.3d at 1355 (explaining that courts only reach the third prong when plaintiff meets its burden on the first two prongs of the due process test (citation omitted)). The Court also clarifies that it is not holding a single sale into Florida would be sufficient to confer personal jurisdiction, only that Plaintiff has not plausibly alleged such a sale has occurred.

## IV. CONCLUSION

Accordingly, UPON CONSIDERATION of the Response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction. *See Lipofsky*, 861 F.2d at 1258 ("In the absence of a waiver, a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue." (citation omitted)). The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 17th day of July, 2026.

K. M. Moore

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record